Citation Nr: 1617285 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 11-13 085 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to service connection for a back disability, to include as secondary to his service-connected right knee disability.

2. Entitlement to service connection for right and left hip disabilities, to include as secondary to his service-connected right knee disability.

3. Entitlement to service connection for a left knee disability, to include as secondary to his service-connected right knee disability.

4. Entitlement to service connection for right and left ankle disabilities, to include as secondary to his service-connected right knee disability.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

K. Marenna, Counsel


INTRODUCTION

The Veteran served on active duty from July 1982 to November 1982. He also had periods of active duty for training (ACDUTRA) in the Army Reserves.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a February 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

In October 2013, a Travel Board hearing was held before the undersigned Veterans Law Judge and a transcript of that hearing is of record.

This case was previously before the Board in June 2014 and December 2014 and remanded for additional development. 

The Board notes that the Veteran has filed a March 2016 notice of disagreement with a February 2015 rating decision. The virtual claims file reflects that the RO currently addressing these issues. See March 2016 letter. Therefore, the Board will not address the claims.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Unfortunately, the Board finds that the claim must be remanded for additional development. The Veteran has asserted that he has a back, left knee, bilateral hip and bilateral ankle disabilities due to a leg discrepancy caused by his service-connected right knee disability. A September 2011 VA treatment record indicates the Veteran had a leg length differential of 1.5 to 2 cm. An October 2011 VA treatment record indicates the Veteran was seen for a heel lift, and that he measured approximately 3/8 inch right leg length differential. A January 2015 VA opinion and April 2015 addendum opinion. The August 2014 VA examiner stated that "it would be mere speculation to assume the anatomical and/or biomechanical relationship of the limb inequality without additional testing and clinical examinations to determine the true etiology of this condition." Therefore, the Board remanded for a new VA examination address whether it is at least as likely as not that the Veteran has a leg length discrepancy that is related to his service-connected right knee disability, to include the ACL reconstruction surgery. The Board requested the VA examiner take "all necessary measurements to include the exact difference in leg length and exact region of limb shortening."

Following the remand, in an October 2015 VA examination and opinion, a VA examiner found that:

2011 [patient] exam at the Houston VA indicated leg length difference of 1.5 to 2 cm. I did not find this. Standing X-rays shows right joint space narrowing of 2 mm right vs. left. This would not cause any secondary symptoms or conditions. This would be typical for a more degenerated right joint than left. It is called joint space narrowing and is a diagnostic indicator for degeneration. To have secondary symptoms due to leg difference it would have to be 5 cm or more and then it would cause opposite hip pain only. See "Symptoms in the Opposite or Uninjured Joint" by Dr. Ian Harrington, 2005.

The VA examiner did not address why the Veteran was noted to have a leg length discrepancy in 2011, but did not have one at the October 2015 VA examination. The VA examiner did not address whether the condition had resolved during the period on appeal or was misdiagnosed. Additionally, the VA examiner did not address whether the 2 mm right joint space narrowing noted in the X-ray was caused by the service-connected right knee disability or would aggravate the Veteran's claimed back, left knee, bilateral hip and bilateral ankle disabilities. Further, in March 2016, after the most recent Supplemental Statement of the Case, the Veteran submitted additional evidence including medical articles and guidance regarding leg length inequality. The submitted articles indicate leg length discrepancy of less than 5 cm may cause secondary symptoms, contradicting the article cited by the October 2015 VA examiner. Therefore, the Board finds there has not been substantial compliance with the remand orders, and the claims must be remanded for a clarifying opinion and if necessary, a VA examination. See Stegall v. West, 11 Vet. App. 268 (1998). 

The VA treatment records in the file only date to October 2014. As the records may be relevant to the claims, the Board requests the appellant's complete VA treatment records from October 2014 to present. 

Accordingly, the case is REMANDED for the following action:

1. Obtain all of the appellant's VA treatment records from October 2014 to present. If no records are available, the claims folder must indicate this fact.

2. Then, forward the claims file to a VA clinician of appropriate expertise to address the following:

(a) Whether it is at least as likely as not (at least a 50 percent probability) that the Veteran had a leg length discrepancy that resolved during the appeal period. See September 2011 VA treatment record noting a leg length differential of 1.5 to 2 cm, October 2015 VA examination, noting 2 mm right joint space narrowing. 

(b) If the Veteran had a leg length discrepancy during the period on appeal, was it at least as likely as not (at least a 50 percent probability) related to his service-connected right knee disability.

(c) Is the 2 mm right joint space narrowing noted in the October 2015 VA examination at least as likely as not (at least a 50 percent probability) related to his service-connected right knee disability.

(d) If the Veteran had a leg length discrepancy or 2 mm right joint space narrowing, that is related to his service-connected right knee disability, -did it at least as likely as not (at least a 50 percent probability) cause or aggravate a (i) back, (ii) left knee, (iii) right hip, (iv) left hip, (v) right ankle, or (vi) left ankle disability.

(e) Does the Veteran have a (i) back, (ii) left knee, (iii) right hip, (iv) left hip, (v) right ankle, or (vi) left ankle disability that is at least as likely as not (at least a 50 percent probability) caused or aggravated by his service-connected right knee disability.

If a VA examination is necessary to provide an opinion such should be accomplished. 

The VA examiner should review the claims file, including the medical articles submitted by the Veteran in March 2016.

The VA clinician is requested to provide a thorough rationale for any opinion provided. If the clinician is unable to provide an opinion without resorting to speculation, the clinician should explain why a definitive opinion cannot be provided.

3. Thereafter, readjudicate the issues on appeal. If any benefit sought is not granted, issue a supplemental statement of the case and afford the appellant an appropriate opportunity to respond. The case should then be returned to the Board, as warranted.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).